The situation in hand is in the nature of a Writ of Error arising from a judgment made and entered in the Town Court of Westport in an action of summary process. That Court found for the plaintiff "granting to him possession of the premises, together with costs". The defendant sought to procure a revision of the proceedings in said action, bringing the action to this Court on a Writ of Error; consequently the defendant is now the plaintiff in error.
The present situation presents many technical questions. There are times, of course, when methods and rules can be overlooked or harmonized with the prevailing issues, which nevertheless cannot be done in the case at hand. Every Court desires to reach the heart of any case, but to do so it must have fundamental facts or issues under consideration before the Court can render any justifiable decision.
The Town Court of Westport certified all the exhibits in the following language:-
 "This is to certify that the enclosed exhibits are the complete exhibits offered in evidence and received as such", etc.
It is manifest from the records of the Town Court that some of these exhibits, and probably all of them, were introduced over the objections of the plaintiff in error (Originally the defendant). Now the plaintiff in error claims the Town Court erred and mistook the law "in denying the motion of the plaintiff in error to strike out the evidence offered by the defendant in error for the reason that such testimony was irrelevant to an issue based upon a tenancy at sufferance or at will". It must be noted, however, that there is not anything in the entire record as presented to this Court for review, which demonstrates or even indicates with any degree of clearness why such exhibits were admitted or upon what basis *Page 306 
they were inadmissible.
The Judge of the Town Court wrote and rendered a splendid memorandum of decision. Yet it is not a Finding of Facts and to consider it as such would require this Court to exercise a function beyond any proper interpretation of its powers.
In the brief of the plaintiff in error is found in part a "statement of facts". With all due regard to the honesty, integrity and ability of counsel, it must be suggested that such a statement cannot be accepted as a substitute for a Finding of Facts. If this is true the brief of law, founded on such a "statement of facts", must necessarily be inadequate since it is predicated upon assumptions, not facts found.
 The motion for "Judgment on the Record" is therefore granted. The Writ of Error is dismissed and the judgment of the Town Court of Westport granting to the defendant in error "possession of the premises, together with costs" is affirmed.